IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| 8440 WESTPARK, LLC § | CASE NO. 09-30131-H4-11 |
| Debtor § | |

**MOTION TO APROVE DEBTOR'S SALE OF SUBSTANTIALLY ALL ASSETS,
FREE & CLEAR OF ALL LIENS, CLAIMS & ENCUMBRANCES,
AND OTHER INTERESTS TO THE PROPOSED PURCHASER
PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f) AND (m)**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY (20) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW, 8440 Westpark, LLC** ("8440 Westpark" or the "Debtor"), Debtor and Debtor-in-Possession in the above-captioned case and files this its *Motion to Approve Debtor's Sale of Substantially All Assets Free & Clear of All Liens, Claims & Encumbrances, and Other Interests to the Proposed Purchaser Pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m)* (the "Sale Motion"), and in support thereof would respectfully show unto the Court as follows:

**I. JURISDICTION**

1.1    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157. Pursuant to 28 U.S.C. §1157(b)(2)(A), (B), (K), (M), (N) and (O), this Sale Motion presents a core matter. The relief requested is authorized by 11 U.S.C. §§ 363, 365 and Federal Rule of

Bankruptcy Procedures 6004 and 6006.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND FACTS

2.1     On October 13, 2008 (the "Petition Date"), 8440 Westpark filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").  The Debtor has remained in possession of its property and has continued to conduct its business as a Debtor-In-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.2     The Debtor is the owner of the "Property," that being a 35,000 square foot office building located at 8440 Westpark, Houston, Texas 77063.  The office building is currently partially occupied by Johnson Broadcasting, Inc. and Johnson Broadcasting of Dallas, Inc. (the "Tenants").  The real property on which the office building is situated is subject to a non-residential ground lease with Detering Properties, Ltd. ("Detering") which was assigned to and assumed by the Debtor pursuant to an *Assignment and Assumption of Lease* recorded on July 24, 2007.  That Lease has been assumed by the Debtor.  The obligations under the Lease, with the exception of taxes on the property, are current.

2.3     Other than the taxing authorities, there is only one secured creditor in this case with a lien against the Property.  The Union Central Life Insurance Company ("Union Life") has asserted a first lien deed of trust to secure its indebtedness in the approximate amount of Eight Hundred Fifty Thousand Dollars ($850,000).  The property has been listed on the market for over one (1) year.  This is the only offer that has been received by the Debtor.

2.4     The Debtor has determined in the exercise of its sound business judgment that a sale of the Property will generate the most value for the benefit of the creditors of the estate, with the least amount of risk of diminution in the value of the Property and the ability to execute a

transaction. The Debtor's affiliates, the Tenants are also in jointly administered Chapter 11 proceedings and are in the process of liquidating, or otherwise disposing of, its estate.

### III. PROPOSED TRANSACTION

3.1     The Debtor, as Seller, and Stephen Schneidau, Trustee ("Schneidau" or "Purchaser"), as Purchaser, have executed a commercial real estate earnest money contract for the purchase and sale of the Property. A true and correct copy of the Commercial Contract (the "Proposed Contract") is attached hereto as Exhibit "A."

3.2     Pursuant to the terms of the Proposed Contract, upon approval by the Court, the Purchaser will deposit the sum of Fifty Thousand and No/100 Dollars ($50,000.00) (the "Deposit") into an escrow account for the benefit of the Seller. The proposed transaction is the product of extensive, good faith, arm's-length negotiations among the parties.

3.3     The assets to be acquired by the Purchaser from the Seller include all of Seller's right, title and interest in and to the Property.

3.4     The purchase price under the Proposed Contract will be One Million Two Hundred Thousand and No/100 Dollars ($1,200,000.00), payable in cash at closing, subject to adjustments. Such proceeds will be disbursed to the secured creditor and the taxing authorities. The remaining proceeds shall be held in escrow pending confirmation of a plan or paid at closing with approval of the Court.

3.5     Upon approval and closing of the proposed transaction, the proceeds from the sale will be sufficient to satisfy in full the allowed secured claim of Union Life and any other outstanding taxes or encumbrances.

3.6     The Debtor does not anticipate any extraordinary administrative expenses other than routine closing costs, brokers' commissions and attorney fees and expenses that will be subject

to court approval. There are no outstanding taxes owed to the Internal Revenue Service. The Debtor anticipates that all local taxing authorities will be paid at closing, as well as all past due taxes.

3.7     Prior to the filing of this case, the Property was marketed to potential purchasers for several months. The Debtor submits that the proposed transaction shall yield the highest return to the estate and its creditors.

3.8     The Purchaser has no previous relationship with the Debtor or its officers, directors and/or shareholders. No agreement exists between the Debtor and the proposed Purchaser concerning future employment or compensation. The officers and directors of the Debtor are not shareholders and will only benefit from the sale in the event the allowed claims against the estate are satisfied in full.

## IV. RELIEF REQUESTED

### Hearing on Proposed Sale

4.1     The Debtor requests that the Court set a hearing to approve the proposed transaction with the Purchaser, Schneidau (the "Sale Hearing").

## V.  AUTHORITY TO CONDUCT SALE

5.1     The Debtor has not filed a plan of reorganization in this case because it will not be possible for the Debtor to obtain confirmation of a plan in the time frame under which a sale can be conducted. Immediate sale of the Debtor's assets is allowable under 11 U.S.C. §§ 105 and 363 and is clearly in the best interests of the Debtor's creditors.

5.2     Under the Bankruptcy Code, courts have permitted the sale of all or substantially all assets of a debtor outside the ordinary course of business if such sale is necessary to preserve the value of assets for the estate, its creditors or interest holders. The Debtor believes that good

cause and sound business reasons exist for selling the assets outside of a plan of reorganization pursuant to §363(b) of the Bankruptcy Code. Specifically:

    A.    The sale of the assets will be an arms-length transaction for fair consideration and will result in greater benefits to the Debtor's estate than would the Debtor's continued ownership thereof and operation of the business and the costs and expenses which would be attendant thereto;

    B.    Taking into account the present status of the Debtor's Chapter 11 case, a comprehensive plan cannot be proposed and confirmed within the anticipated time frame; and

    C.    The Debtor believes that the sale of the assets at this time is necessary to preserve the value of the assets and to achieve the maximum return to the estates, and will enable the realization of significant value from the assets without the risk of jeopardizing the realizable value which would be an unavoidable consequence of any delay. The assets have been properly marketed for an extended period of time.

## VI.  CONCLUSION

6.1    For the reasons set forth hereinabove, the Debtor respectfully requests that the Court:

    A.    Set a hearing at which the Debtor will sell substantially all of the Debtor's assets.

    B.    Approve the transaction with Schneidau, as set forth in the Proposed Contract, or a form similar, upon conclusion of the Sale Hearing.

6.2    The Debtor further requests that at the conclusion of the Sale Hearing, this Court enter an order pursuant to 11 U.S.C. §§ 105, 363 and 365:

    A.    Authorizing and approving the sale of substantially all of the Debtor's assets to Schneidau and approving the terms of such sale.

    B.    Finding that the prospective Purchaser is acting in good faith and is entitled to the protections of a good faith prospective purchaser under 11 U.S.C. § 363(m).

    C.    Containing such other findings and provisions as may be reasonably requested by the prospective Purchaser to assure that: (1) title to the Debtor's assets to be sold under a proposed transaction will be transferred to the prospective Purchaser free and clear of all liens, encumbrances and claims (as defined in 11 U.S.C. § 101(5); and (2) any claimed liens, encumbrances or claims shall attach solely to the sales proceeds (except those specific liens and assumed liabilities set forth in any purchase and sale agreement).

D. Granting such related relief as may be necessary to allow the Debtor to consummate the sale under the various purchase and sale agreements.

**Dated** this 19th day of October, 2009

        Respectfully submitted,

        **CRAIG H. CAVALIER, ATTORNEY AT LAW**
        3355 West Alabama, Suite 1160
        Houston, Texas  77098
        (713) 621-4720 - Telephone
        (713) 621-4779 – Telefax


        By: /s/ Craig H. Cavalier
            Craig H. Cavalier
            Federal I.D. No. 2958
            State Bar No. 04022075
            ATTORNEY FOR
            DEBTOR-IN-POSSESION

## VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE

I hereby certify under penalty of perjury that a true and correct copy of the foregoing instrument has been served upon the U.S. Trustee via telecopy or electronic notice on this 19th day of October, 2009, to the following address:

> Stephen Statham
> Christine March
> Office of the US Trustee
> 515 Rusk Street, Ste. 3516
> Houston, Texas 77002

> /s/ Craig H. Cavalier
> CRAIG H. CAVALIER

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing instrument has been forwarded to the following parties listed below, via first class mail, postage prepaid, electronic notice or facsimile this 19th day of October, 2009:

> Michael P. Ridulfo
> Brown McCaroll, LLP
> 1111 Bagby Street, 47th Floor
> Houston, TX 77002
> mridulfo@mailbmc.com
> *Counsel for Union Central Life Insurance Company*
>
> August E. Shouse
> Attorney at Law
> 2001 Kirby Drive, Ste. 906
> Houston, TX 77019
> *Counsel for Detering Properties, Ltd.*
>
> John P. Dillman
> Linebarger, Goggan, Blair & Sampson, LLP
> PO Box 3064
> Houston, TX 77253
> *Counsel for Harris County*

> /s/ Craig H. Cavalier
> CRAIG H. CAVALIER